UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., AS SUCCESSOR )<br>IN INTEREST BY MERGER TO ABN )<br>AMRO MORTGAGE GROUP, INC., )<br>)<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>EDWARD ALLEN SPRIGLER, EMILY )<br>JANE SPRIGLER, GEORGE E. )<br>SPRIGLER, JR., THE NEW )<br>WASHINGTON STATE BANK, and )<br>UNITED STATES OF AMERICA, )<br>)<br>      Defendant. ) | 4:08-cv-33-SEB-WGH |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on Plaintiff, CitiMortgage, Inc.'s ("CitiMortgage"), Motion for Summary Judgment [Docket No. 13], filed on October 26, 2008. In its motion, CitiMortgage argues that it is entitled to summary judgment and an order of foreclosure against Defendants. For the reasons detailed in this entry, Plaintiff's Motion for Summary Judgment is GRANTED.

*Factual Background*

On March 19, 2002, Edward Allen Sprigler executed and delivered to The New Washington State Bank ("New Washington") a promissory note in the sum of $300,000, naming New Washington as payee. In order to secure repayment of sums due pursuant to

the terms of the promissory note, Edward Sprigler and his wife, Emily Jane Sprigler, executed a mortgage, granting New Washington a security interest in the real estate at 5242 Scottsville Road, Floyds Knobs, Indiana 47119 ("the mortgaged property").[1] CitiMortgage currently holds the promissory note, as asignee, which assignment was recorded on April 2, 2002. On November 22, 2005, Edward Sprigler and Emily Sprigler conveyed the mortgaged property to George E. Sprigler, Jr., by warranty deed. George Sprigler claims an interest in the mortgaged property as a good faith purchaser for value.[2]

Edward Sprigler and Emily Sprigler defaulted on the promissory note and mortgage by failing to make any payments after September 1, 2007. Pursuant to the terms of the promissory note and mortgage, CitiMortgage accelerated the indebtedness due, an unpaid principal balance of $280,631.04, plus interest at the rate of 7.000% per annum from September 1, 2007. The mortgage provides that the lender (CitiMortgage) shall be entitled to collect all expenses incurred in pursuing foreclosure, including reasonable attorneys' fees.

The United States of America also has interests in the property by virtue of liens arising under the Internal Revenue laws: first, in the total assessed amount of $170,615.98 plus additional accruals of interest and penalties, notices of which were filed with the

---

[1] New Washington has not filed a response brief to CitiMortgage's Motion for Summary Judgment.

[2] George E. Sprigler, Jr. recorded his interest in the mortgaged property on November 30, 2005. He paid "the sum of One Dollar ($1.00) and other good and valuable consideration" for the property.

county recorder on February 24, 2005 and August 21, 2006; and, second, in the total assessed amount of $1,336,777.23 plus additional accruals of interest and penalties, notices of which were filed on March 17, 2004 and August 8, 2005.

## *Legal Analysis*

### *I. Standard of Review*

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255. However, neither the "mere existence of some alleged factual dispute between the parties," id. at 247, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 692 (7th Cir. 2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. Id. at 325.

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). Thus, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. See Shields Enter., Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish her case, summary judgment is not only appropriate, but mandated. See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element "necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

## *II. CitiMortgage's Motion for Summary Judgment*

In its summary judgment motion, CitiMortgage argues that it is entitled to enforce the promissory note against its makers pursuant to Indiana law. "If a mortgagor defaults in the performance of any condition contained in a mortgage, the mortgagee or the mortgagee's assigns may proceed . . . to foreclose the equity of redemption contained in

the mortgage." Ind. Code §32-30-10-3.

Edward and Emily Sprigler defaulted pursuant to the terms of the promissory note by failing to tender the monthly payments as and when due. The mortgage in the case at bar provides in unambiguous terms that CitiMortgage is empowered to accelerate all sums due and owing under the promissory note and mortgage upon a default in the payment of the indebtedness. "The issuer of a note . . . is obliged to pay the instrument: (1) according to its terms at the time it was issued, or if not issued, at the time it first came into possession of a holder . . . . The obligation is owed to a person entitled to enforce the instrument . . . ." Ind Code §26-1-3.1-412; see also George Uzelac & Assoc. v. Guzik, 663 N.E.2d 238, 140 (Ind.Ct.App. 1996) ("Absent ambiguity, the terms of a contract will be given their plain and ordinary meaning . . . . Where terms are clear and unambiguous, they are conclusive and [the] Court will not construe the contract or view extrinsic evidence, but will instead apply the contractual provisions.").

Indiana law provides specifically for the procedure undertaken by a Court when a foreclosure judgment is entered:

> In rendering judgment of foreclosure, the courts shall
> (1) give personal judgment against any party to the suit liable upon any agreement or agreements for the payment of any sum or sums of money secured by the mortgage, and
> (2) shall order the mortgaged premises . . . to be first sold before the levy of execution upon other property of the defendant.
> The payment of the mortgage debt, with interest and costs, at any time before the sale, shall satisfy the judgment.

Ind. Code § 32-30-10-5.

*A. Defendants' Interests in the Mortgaged Property*

Neither Edward nor Emily Sprigler opposes CitiMortgage's motion for summary judgment. Edward Sprigler states that "he has no objection to the entry of Summary Judgment for the Plaintiff so long as his interest and any equity he may have in the property is protected." Edward Allen Sprigler's Response at 1. Emily Sprigler asserts "no objection to the entry of summary judgment for Plaintiff so long as the judgment herein recognizes that she was not a party to the mortgage and any interest she has in the property be protected." Emily Jane Sprigler's Response at 1.[3]

In contrast to these Defendants, George Sprigler opposes CitiMortgage's motion for summary judgment, arguing that he "took in good faith believing that the real estate was being conveyed to [him] free and clear of all liens." Aff. of George Sprigler at 1. In Indiana, the question of priority as it relates to a good faith purchaser is governed by a "Race-Notice Statute." Meyer v. Marine Builders, Inc., 797 N.E.2d 760, 774 (Ind. Ct. App. 2003). This statute provides,

> (a) The following must be recorded in the recorder's office of the county where the land is situated:
> (1) conveyance or mortgage of land or of any interest in land . . . .
> (b) A conveyance, mortgage, or lease takes priority according to the time of its filing. The conveyance, mortgage, or lease is fraudulent and void as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration if the purchaser's, lessee's, or mortgagee's deed, mortgage or lease is first recorded.

---

[3]The Responses submitted by Edward, Emily, and George Sprigler make no arguments beyond the general assertions set out here. In fact, each response was less than one page and provided no details about any claimed interests in the mortgaged property.

Ind. Code § 32-21-4-1. "Race-Notice" statutes give all parties an incentive to record their interests in the subject property. Under the Indiana statute, a subsequent purchaser (George Sprigler) cannot obtain priority if he knew about the mortgage to the first mortgage holder (CitiMortgage), or if he lost the "race" to record his interest. In the case at bar, George Sprigler claims that he did not know about CitiMortgage's mortgage. While this may be true, the facts clearly demonstrate that he lost the race to record. CitiMortgage recorded its mortgage on April 2, 2002. Under Indiana's Race-Notice statute, George Sprigler was constructively on notice of CitiMortgage's interest when he recorded his interest on November 30, 2005. Thus, CitiMortgage's interest has priority over George Sprigler's interest, and CitiMortgage is entitled to summary judgment.[4]

---

[4] The warranty deed further clarifies the liability of Edward, Emily, and George Sprigler. In the warranty deed, George Sprigler did not expressly "assume" the mortgage in the warranty deed. Therefore, he only took the property "subject" to the mortgage: "The difference between the purchaser's assuming the payment of the mortgage, and simply buying subject to the mortgage, is simply that in the one case he makes himself personally liable for the payment of the debt, and in the other case he does not assume such liability." Cook v. American States Ins. Co., 275 N.E.2d 832, 835 (Ind. Ct. App. 1971). Thus, while George Sprigler is not liable for any potential deficiency, the facts adduced indicate that Edward and Emily Sprigler shall be liable for any deficiency. See First Indiana Fed. Sav. Bank v. Maryland Development Co., Inc., 509 N.E.2d 253, 255 n.1 (Ind. Ct. App. 1987) ("[A] grantee who only takes title 'subject to' the mortgage assumes no personal liability and the mortgagee is limited to foreclosure of the property *and any action against the original mortgager*) (emphasis added). Additionally, CitiMortgage is entitled to attorneys' fees it requests, in the amount of $1,350. If Edward and Emily Stigler believed the requested fees were unreasonable, they could have field a response saying so. They did not. A "contract allowing for recovery of attorney fees is enforceable, if the contract is not contrary to law or public policy." Dempsey v. Carter, 797 N.E.2d 268, 275 (Ind. Ct. App. 2003).

1. The United States's Interest

The United States "has no objection to the entry of summary judgment for the plaintiff, so long as the judgment entered herein recognizes the lien(s) of the United States and grants the United States its proper priority." United States's Response at 1. The United States also argues that "any such decree must recognize the United States of America's right of redemption as set forth in 28 U.S.C. §2410(c)." Id. Title 28, United States Code Section 2410(c) states, in relevant part,

> [A]n action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale. A sale to satisfy a lien inferior to one of the United States shall be made subject to and without disturbing the lien of the United States . . . Where a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of the sale within which to redeem, except that with respect to a lien arising under the internal revenue laws the period shall be 120 days . . .

28 U.S.C. §2410. The sale requested by CitiMortgage "is made to satisfy a lien prior to that of the United States." Id.[5] Therefore, CitiMortgage's interest has first priority, and the United States retains a right of redemption, which shall last 120 days from the sale.

### III. *Conclusion*

Having carefully considered the parties' arguments, the Court hereby GRANTS Plaintiff's Motion for Summary Judgment. The parties are hereby ordered to submit a

---

[5]CitiMortgage's interest was recorded on April 2, 2002. The earliest the United States recorded any interest was March 17, 2004. Instruments have priority "according to the time of the filing thereof." Meyer, 797 N.E.2d at 774.

proposed judgment of foreclosure, consistent with this order, by Thursday, April 30, 2009.

IT IS SO ORDERED.

Date: __03/30/2009__

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James B. Hancock
HANCOCK & HANCOCK
jim.hancock@insightbb.com

Alan Wayne McEwan
FEIWELL & HANNOY, P.C.
amcewan@feiwellhannoy.com

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

Kenneth R. Taurman Jr.
ATTORNEY AT LAW
taurmanlaw@insightbb.com